UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY FECAROTTA

    Plaintiff,

v.

COVENANT TRANSPORTATION INC.

    Defendants.

No.

## COMPLAINT

Plaintiff, Anthony Fecarotta ("Fecarotta") through his undersigned counsel, for his Complaint against Defendant Covenant Transportation Inc. ("Covenant" or "Defendant") alleges as follows:

## SUMMARY OF ACTION

1. Plaintiff Anthony Fecarotta has spent the last few years of his career working as an Enterprise Sales Manager for Defendant Covenant. Despite Fecarotta's loyalty and hard work, Defendant has failed to pay Fecarotta all of his commissions that were deservedly earned and are legally owed.

2. Plaintiff brings this claim for relief under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq.

## THE PARTIES

3. Plaintiff Fecarotta is an individual who resides in Cook County, Illinois.

4. Defendant Covenant is a Tennessee Corporation with its principal place of business located in Chattanooga, Hamilton County, Tennessee.

5. At all times relevant, Covenant was acting through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment or assignment.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

7. The amount in controversy for this actions consists of the Plaintiff's damages for unpaid compensation, the monthly 5% penalty Illinois Wage and Payment Collection Act, and Plaintiff's attorney fees.

8. This Court also has jurisdiction over Defendants pursuant to 735 Ill. Comp. Stat. Ann. 5/2-209(b)(4) because Defendants do business within Illinois.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FECAROTTA'S EMPLOYMENT WITH COVENANT

9. In January 2020, Fecarotta commenced his employment with Covenant as an Enterprise Sales Manager. By August Fecarotta was promoted to a Regional Sales Manager.

10. As part of his employment as a Regional Sales Manager, Fecarotta was to be paid a base salary and commission on a quarterly basis based on quarterly brokerages, solo assets, and team assets. Regional Sales Individual Contributor Incentive Plan attached as Exhibit A.

12. Pursuant to Fecarotta's Offer Letter and Defendant's compensation policy, Fecarotta was to be paid commissions on the following products:

      a.      Total revenue invoiced to the customer less transportation costs for each Brokerage.

      b.      Load count multiplied times $50 per load delivered during the quarter per solo asset.

      c.      Load count multiplied times $85 per load delivered during the quarter per team asset.

*See* Regional Sales Individual Contributor Incentive Plan attached as Exhibit A.

13. The terms of Fecarotta's commission agreement were formalized through both oral and written communications between the parties.

14. Pursuant to Fecarotta's commission agreements with Defendant, Fecarotta was due to be paid commission on various sales achieved in Quarter 2, Quarter 3, and Quarter 4 of 2021.

15. On information and belief, Fecarotta has yet to be paid a number of commissions, to which he is entitled to under the compensation agreements between Fecarotta and Covenant. Specifically, Fecarotta is owed unpaid commissions for Quarters 2, Quarter 3, and Quarter 4 for the 2021 sales year.

16. The amount of unpaid commissions are based on the sales documented in Defendant's sales database that occurred throughout the duration of Fecarotta's employment with Covenant.

17. On information and belief, the amount of unpaid commissions is approximately $48,000 based on the commissions Fecarotta was customarily paid over the years as compared to the amount of work did during the quarters he was not paid.

18. However, management and executives at Covenant failed to provide sales invoices to Fecarotta to show and prove the amounts of commissions owed.

19. During Fecarotta's employment with Covenant, Fecarotta was advised by management and sales representatives to keep track of his own sales, commissions, and bonuses, and to submit documentation to Covenant to prove that Fecarotta was entitled to sales commissions.

20. On multiple occasions throughout the course of Fecarotta's employment with Defendant, Defendant has failed to timely pay commissions due and owed to Fecarotta pursuant to the compensation agreement between Fecarotta and Covenant.

21. Moreover, because of Covenant's refusal to pay Fecarotta for all commissions owed, Fecarotta has incurred additional expenses such as attorney fees.

## COUNT I
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

22. As described herein, Defendant Covenant failed to pay Fecarotta the commissions to which he was entitled to under the contracts and/or commission agreement(s) with Covenant.

23. Defendant Covenant failed to make timely payments of commissions due and owed to the Plaintiff pursuant to any contract and/or commission agreements (s).

23. The Illinois Wage and Payment Collection Act ("IWPCA") states, in relevant part, that "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period. Wages of executive, administrative and professional employees, as defined in the Federal Fair Labor Standards Act of 1939, may be paid once a month. Commissions may be paid once a month."

24. Defendant Covenant failed to pay Fecarotta the commissions to which he was entitled to under his employment and/or commission agreements.

25. Defendant Covenant also failed to timely pay Fecarotta his commissions to which he was entitled to under his employment and/or commission agreements pursuant to the IWPCA.

26. The foregoing actions of the Defendant constitute violations of the IWPCA. The Defendant's actions were willful and not in good faith.

27. Defendant is liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the IWPCA and the Illinois Code of Code of Civil Procedure 735 ILCS 5/2-801 and 5/2-802.

28. Specifically, Fecarotta is owed additional damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid under the IWPCA.

29. Defendant first shorted Fecarotta's commissions in July 2022 when it failed to pay Fecarotta the full amount of his commissions for Quarter 2.

30. At the time of filing this Complaint, Defendant has failed to pay Fecarotta his duly owed commissions for 9 months.

WHEREFORE, Plaintiff request the following relief:

A. A declaratory judgment that Defendant has violated the IWPCA as to the Plaintiff;

B. A declaratory judgment that Defendant's violations of the IPWCA were willful;

C. A judgment to Plaintiff in the amount of unpaid commissions;

D. Statutory interest and other penalties as provided by the IWPCA;

E. A judgment to the Plaintiff of reasonable attorney's fees;

F. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## BREACH OF CONTRACT

31. Fecarotta hereby realleges and reincorporates paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. An employment contract was created between Fecarotta and Defendant on the date of Fecarotta's employment with Defendant.

33. As described herein, Defendant made a promise to Fecarotta that he would be paid commissions as set forth in any employment and/or commission contracts or agreements. *See also* Exhibit A.

34. As part of this contract, Fecarotta was entitled to all commissions on sales as set forth in the Regional Sales Individual Contributor Incentive Plan.

35. Defendant disseminated and told Fecarotta about Defendant's commission policy so that Fecarotta was aware and understood the policy.

36. After learning of the commission policy, Fecarotta continued to work for Defendant and continued to make sales on Defendant's behalf.

37. Fecarotta performed all conditions as required to him under any and all employment and/or commission contracts or agreements.

38. The employment contract was breached when Defendant failed to pay Fecarotta the full amount of commissions due and owed to him under the employment contract.

39. The employment contract was also breached when Defendant failed to timely pay Fecarotta commissions to which he was entitled to, pursuant to the terms of his contract.

40. Defendant is liable to Fecarotta for actual damages including loss of earnings and other employment benefits and economic damages related to any and all consequential costs.

WHEREFORE, Plaintiff request the following relief:

A. An accounting of all commissions due to the Plaintiff;

B. Judgement against the Defendant for all commissions owed to Plaintiff;

C. Judgment against the Defendant for all consequential due to Defendant's breach of Plaintiff's employment contract;

D. Judgment against Defendant for pre-judgment interest as permitted by law;

E. Judgment against Defendant for reasonable attorney's fees;

F. A declaratory judgment that Defendant breached the employment contract with the Plaintiff;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## FRAUDULENT CONCEALMENT

41. Plaintiff realleges and thereby incorporates each and every allegation set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. Covenant concealed several material facts from Fecarotta under circumstances that created a duty to disclose the information to Fecarotta.

43. Throughout the course of Fecarotta's employment, Covenant manipulated and concealed sales data from Fecarotta to give the appearance that Fecarotta was owed less in sales commissions and bonuses.

44. Defendant intended to induce a false belief in Fecarotta that Fecarotta, and other members of the sales team at Covenant, were not achieving the prerequisites for various commissions and bonuses.

45. Covenant controlled the flow of this information so that Fecarotta could not have discovered the truth that Covenant was concealing from it through reasonable inquiry or inspection.

46. The information Covenant concealed from Fecarotta was such that Fecarotta would have acted different had he been made aware of the information.

47. Fecarotta relied on Covenant's statements and the false belief created by Covenant to his detriment by failing to collect the sales-based commissions and bonuses he was duly owed.

48. As a proximate cause of Fecarotta's reliance on Covenant's false statements of material fact, Fecarotta suffered substantial damages in an amount to be proven at trial.

WHEREFORE, Plaintiff request the following relief:

A. An accounting of all commissions due to the Plaintiff;

B. Judgement against the Defendant for all commissions owed to Plaintiff;

C. Judgment against the Defendant for all consequential due to Defendant's breach of Plaintiff's employment contract;

D. Judgment against Defendant for pre-judgment interest as permitted by law;

E. Judgment against Defendant for reasonable attorney's fees;

F. A declaratory judgment that Defendant breached the employment contract with the Plaintiff;

G. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted,

By: /s/John C. Ellis

John C. Ellis
David DeSchepper
**ELLIS LEGAL P.C.**
200 West Madison Street, Suite 1940
Chicago, Illinois 60606
(312) 967-7629